IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40160
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUFUS WILLIAMS, JR.,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:00-CR-40-1)
---------------------
August 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rufus Williams challenges his convictions for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He argues that the evidence was insufficient to overcome his entrapment defense. He asserts that the government used a confidential informant to lure him into participating in the drug deal, which crime he was not otherwise predisposed to committing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The standard of review is the same as that which applies to sufficiency of the evidence. United States v. Rodriquez, 43 F.3d 117, 126 (5th Cir. 1995). We view the facts in the light most favorable to the conviction; thus we would here reverse only if no rational jury could have found beyond a reasonable doubt that Williams was predisposed to commit the offense. See United States v. Sandoval, 20 F.3d 134, 137 (5th Cir. 1994).

Williams has not demonstrated reversible error in connection with the rejection of his entrapment defense. The trial testimony reflects that he was an enthusiastic participant in the drug deal. As credited by the jury, this testimony is sufficient to prove that he was predisposed to committing the offense. See United States v. Chavez, 119 F.3d 342, 346 (5th Cir. 1997).

As the appellant has failed to demonstrate reversible error in connection with his conviction, the district court's judgment of conviction is, in all respects,

AFFIRMED.